STATE OF MAINE
CUMBERLAND, SS:

NINTH ~~DISTRICT~~ *Superior* COURT
DIVISION OF SOUTHERN
CUMBERLAND
DOCKET NO. RE-12-249

-CUM -9/30/2013

JPMORGAN CHASE BANK, NATIONAL )
ASSOCIATION, )
Plaintiff )
)
)
v. )
)
MICHAEL D. COOPER, )
Defendant )
)
and )
)
KEYBANK NATIONAL ASSOCIATION, )
Party-in-interest )

**CONSENT JUDGMENT OF
FORECLOSURE AND SALE**

36 Huston Rd., Gorham, Maine

Mortgage Recorded in
Book 26071, Page 1

STATE OF MAINE
Cumberland, ss. Clerk's Office

SEP 30 2013

RECEIVED

In consideration of the consent of the parties, Plaintiff is entitled to judgment on its Complaint. The Court finds as follows:

1.  Defendant has breached the conditions of Plaintiff's mortgage originally in favor of Mortgage Electronic Registration System as Nominee for First Horizon Home Loans, a Division of First Tennesee Bank, N.A. and recorded in the Cumberland County Registry of Deeds in Book 26071, Page 1; by assignment subsequently undertaken, to JPMorgan Chase Bank, National Association and recorded in the Cumberland County Registry of Deeds in Book 29593, Page 345, entitling Plaintiff to a Judgment of Foreclosure regarding the premises described therein, also as described in attached Exhibit A hereto and incorporated herewith.

2.  As of August 31, 2013, there is due and owing Plaintiff on its said mortgage from Defendant the following:

    a.  Principal balance of $367,623.76;
    b.  Accrued interest in the amount of $66,017.16 at the rate of 6.0% per annum per the subject note;

1

c. Anticipated Attorney's fees and expenses of $2,372.09;

d. Total Fees in the amount of $16.00;

e. Escrow Advance in the amount of $13,975.32;

f. Additional per diem interest after August 31, 2013 in the amount of $60.29 at the rate of 6.00% per annum per the subject note, additional attorney's fees, real estate taxes, costs and amounts advanced to protect the security of Plaintiff's mortgage up to and including the date of redemption or sale.

3. Pursuant to 14 M.R.S.A § 1602-C(1)(A), the post judgment interest rate is equal to the interest rate set forth in the note, which is stated above.

4. Party-in-Interest Keybank National Association, who Plaintiff has alleged may claim an interest in the property to be foreclosed upon, and is named and served in this action, failed to appear, answer or otherwise respond to establish a priority amount against the foreclosure sale proceeds.

WHEREFORE, it is hereby Ordered and Decreed that a Judgment of Foreclosure and Order of Sale is hereby entered in favor of Plaintiff, against Defendant, his successors, heirs and assigns, and if Defendant do not pay to Plaintiff the amounts adjudged to be due under Plaintiff's mortgage dated May 9, 2008, as set forth in paragraph 1 above, the balance of which is set forth in paragraph 2 above, with interest accruing thereon and costs as set forth in paragraph 2 above within ninety (90) days from the date of entry hereof, then Plaintiff shall sell Defendant's real estate free and clear of all liens and encumbrances pursuant to 14 M.R.S.A. §6321, et seq. It is ordered that Plaintiff cause notice of public sale of the premises to be republished once in each of three (3) successive weeks and shall hold said sale not less than thirty (30) days nor more than (45) days after the first date of that publication, all as according to Title 14 M.R.S.A. §6323 and shall disburse the proceeds of such sale in the following amounts and priorities:

a. The first $450,004.33, plus $60.29 per day after August 31, 2013, plus additional attorneys' fees, additional late charges, real estate taxes, costs, expenses of sale and amounts

2

advanced to protect the security of Plaintiff's mortgage up to and including the filing of the report of disbursement of foreclosure sale proceeds and any objections thereto, to the Plaintiff;

b.    Any remaining funds to Defendants.

Inasmuch as Defendant has consented to this judgment, no judgment or execution shall issue against Defendant for any deficiency.

In the event Defendant has not redeemed within the ninety (90) day period as aforesaid and has not vacated the premises, Defendant is ordered to vacate the premises at the conclusion of said period. Whereupon Plaintiff is granted exclusive possession of the real estate and a Writ of Possession shall issue upon request of Plaintiff, its successors or assigns.

All parties have been properly served and given notice of the proceedings giving rise to this judgment in accordance with the applicable provisions of the Maine Rules of Civil Procedure and if notice has been served or given pursuant to an order of the Court, including service by publication, then that notice has been served or given pursuant to such order.

The names and address of all parties to the action, including counsel of record insofar as they are known to the Court are as follows:

The names and address of all parties to the action, including counsel of record insofar as they are known to the Court are as follows:

Defendant:         Michael D. Cooper, 7860 Golfview Drive, Citrus Springs, FL 34434-5716

Party-in-Interest:  KeyBank National Association c/o Corporation Service Company, 45 Memorial Circle, Augusta, ME 04330

Plaintiff:          JPMorgan Chase Bank, National Association, c/o David E. Stearns, Esq.; P.O. Box 2412, South Portland, ME 04116-2412

Plaintiff's counsel may cause an attested copy of this judgment to be recorded in the Registry of Deeds in the county or counties in which the subject property is located.

The Clerk is specifically directed pursuant to Rule 79(a) of the Maine Rules of Civil Procedure to enter this Order on the civil docket by notation incorporating it by reference.

Dated: 9/27/13

_____
Superior Court Justice

ENTERED ON: 10/02/2013

I hereby consent to the entry of judgment as hereinabove.

_____
Michael Cooper – Defendant

On behalf of Plaintiff I hereby consent to the entry of judgment as hereinabove set forth.

_____
David E. Stearns, Esq.

## CERTIFICATE BY THE CLERK

I, _____, Clerk of the Ninth District Court, pursuant to 14 M.R.S.A. §2401 (3)(F) as amended, do hereby certify that the applicable time period for appeal from the above Judgment of Foreclosure and Order of Sale has expired without action.

_____

4

Exhibit A

(36 Huston Road, Gorham, Cumberland County, ME)

A certain lot or parcel of land with the buildings thereon, situated on the Northerly side of Huston Road in the Town of Gorham, County of Cumberland and State of Maine, bounded and described as follows:

Beginning at a 5/8" rebar iron pin set on the Northerly sideline of Huston Road at the Southwesterly corner of land now or formerly of Richard H. & Edith B. Mason as described in the Cumberland County Registry of Deeds in Book 2701, Page 107; thence by the following courses and distances:

1. N 84° 09' 39" W along the Northerly sideline of Huston Road a distance of Four Hundred Thirty-Five and 00/100 (435.00) feet to a 5/8" rebar iron pin set;

2. N 21° 34' 21" E a distance of Two Hundred Seventy-Six and 45/100 (276.45) feet to a 5/8" rebar iron pin set;

3. N 59° 59' 52" W a distance of Two Hundred Seventy-Two (272) feet, more or less, to the North Branch of the Little River;

4. Northerly by the North Branch of the Little River a distance of One Thousand Five Hundred Seven (1507) feet, more or less, to land now or formerly of Central Maine Power Co. as described in said Registry at Book 3028, Page 46;

5. N 69° 49' 02" E by said land now or formerly of Central Maine Power Co. a distance of One Thousand Twenty-Two (1022) feet, more or less, to a 5/8" rebar iron in set at said land now or formerly of Mason;

6. S 0° 36' 42" E by said land now or formerly of Mason a distance of One Thousand Five Hundred Seventy-Two and 17/100 (1572.17) feet to the point of beginning.

Bearings are referenced to True North as determined by astronomic observation. The lot is shown on a Plan entitled "Standard Boundary Survey, made for Michael Quick, Huston Road, Gorham, Maine: and recorded in the Cumberland County Registry of Deeds in Plan Book 197, Page 396.